OPINION
Appellant Keith Franklin appeals a judgment of the Stark County Common Pleas Court convicting him of two counts of Carrying a Concealed Weapon (R.C. 2923.12), and one count of Possession of Cocaine (R.C. 2925.11):
ASSIGNMENTS OF ERROR:
 I. THE COURT ERRED WHEN IT DENIED THE APPELLANT'S MOTION TO SUPPRESS, WHICH SOUGHT THE EXCLUSION OF ILLEGALLY SEIZED EVIDENCE.
 II. BASED ON WHATEVER SUSPICIOUS CIRCUMSTANCES WERE SHOWN TO HAVE CONFRONTED THESE OFFICERS BEFORE THEY SEIZED APPELLANT AND HIS VAN, THEY DID NOT JUSTIFY A BELIEF THAT ANY "CRIMINAL ACTIVITY" WAS "AFOOT"; HENCE, IT DID NOT JUSTIFY ANY ASPECT OF THE INTRUSIVE ACTIONS THAT WERE VISITED ON HIM.
 III. WHERE ONE WHO CLAIMED TO BE THE VICTIM OF AN ILLEGAL "INVENTORY" SEARCH PROVIDES TESTIMONY THAT THE ALLEGED CONTRABAND WAS IN A SEALED CONTAINER, WHICH TESTIMONY IS UNREFUTED, ABSENT AFFIRMATIVE PROOF THAT THE POLICE DEPARTMENT HAD A POLICY OF OPENING ALL LOCKED CONTAINERS, THE OPENING OF THE CONTAINER IS ILLEGAL.
At approximately 11:30 P.M., on March 12, 1997, the dispatcher of the Alliance Police Department received several reports of either gunshots or explosions in the vicinity of the 1100 block of South Liberty Avenue. The call came into the police department at the time of the shift change. All available officers, including two from the afternoon shift, were dispatched to the area.
At the scene of the reported explosion, Officer Lloyd Sampson received information from residents that they heard an explosive sound, saw a man running, and then saw a red and white conversion van was seen leaving the area. The information was relayed by police radio to other officers.
Upon arriving in the area, Officer Jones observed a van matching the description traveling at a high rate of speed. The officer followed the vehicle, but could not get close enough to observe the license plate when the van was stopped by other officers. The van was the only vehicle observed in the area of South Liberty Street.
After stopping the van, the officers approached with guns drawn for safety, and ordered the driver and passenger out.
The officers patted down the individuals removed from the vehicle. The officers also searched the area within the immediate control of the occupants while seated in the van. The passenger had no weapons, and was permitted to leave. Coincidentally, his residence was near the stopped position of the van.
As to appellant, who was the driver and owner of the van, the officers found a night stick, similar to those used by police officers, between two leather attaché cases on the driver's side floor. Appellant was arrested for Carrying a Concealed Weapon.
Pursuant to Alliance City Ordinance, the vehicle was impounded due to the arrest of the driver. An inventory search of the vehicle was conducted. Officers found $3,070 in cash, a loaded weapon, and cocaine in the console of the vehicle.
Appellant moved to suppress all evidence from the search of the van on the basis that the officers did not have a reasonable suspicion of criminal activity to justify the stop, did not have probable cause to arrest him, and could not justify either the impoundment or search of the vehicle. The motion to suppress was overruled.
Appellant plead no contest to one count of Carrying a Concealed Weapon, and was convicted. The remaining two charges proceeded to jury trial. Appellant was convicted as charged, and sentenced to ten years incarceration for Possession of Cocaine, as a major drug offender, and two terms of incarceration of eighteen months on the Carrying a Concealed Weapon charges. All sentences were to run concurrently.
 I.
Appellant argues that the court erred in denying his motion to suppress, as the police lacked a reasonable suspicion of criminal activity to justify the stop of the vehicle, lacked probable cause to arrest appellant, and could not impound and search his vehicle.
A police officer is justified in making an investigatory stop if the officer can point to specific articulable facts, which would lead a rational person to suspect that criminal activity is afoot. Terry vs. Ohio (1968), 392 U.S. 1, 21. The propriety of an investigative stop must be viewed in light of the totality of the surrounding circumstances. State vs. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus.
In the instant case, the officers clearly had a reasonable suspicion of criminal activity to justify stopping the van. Officers responded to a call that there had been shots fired or an explosion within the city. When they reached the area, witnesses told officers that a suspect had been seen running from the area, and shortly thereafter, a red and white striped conversion van had been seen driving away. One of the officers, who received the dispatch concerning the van, spotted it a few blocks away from the scene of the reported explosion. The vehicle was the only vehicle on the street. The vehicle was traveling away at a high rate of speed. The officers properly made a brief investigatory stop of the van. When an officer is justified in believing that the individual, whose suspicious behavior he is investigating at close range, is armed and dangerous to the officer or to others, the officer may conduct a reasonable search for weapons for the protection of the officer. Terry, supra, at 24, 27. In addition, the officer may search the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, if the officer posses a reasonable belief based on specific articulable facts which warrant the officer in believing that the suspect is dangerous and may gain immediate control of weapons.Michigan vs. Long (1983), 463 U.S. 1032, 1049.
The officers responding to the call concerning shots fired or an explosion had sufficient reason to believe that appellant and his passenger were armed and dangerous, or had access to weapons in the car. The officers properly undertook a protective search for their safety, including the passenger compartment of the vehicle, where the night stick was found.
In order to make an arrest, an officer must have probable cause to believe that a crime has been committed. Wong Sun vs.United States (1963), 371 U.S. 471. This court is required to view the totality of the circumstances to determine whether probable cause exists. Illinois vs. Gates (1983), 462 U.S. 213.
When Sergeant Wayt discovered the night stick next to the console in the driver's compartment of the van, appellant unsolicitedly asked, "Are you going to take my stick?" Having admitted ownership of the weapon, Sergeant Wayt properly arrested appellant for Carrying a Concealed Weapon.
An inventory search of a lawfully impounded vehicle must be conducted in good faith, and in accordance with reasonable standardized procedures or established routine. State vs. Hathman
(1992), 65 Ohio St.3d 403, at paragraph one of the syllabus. If during a valid inventory search of a lawfully impounded vehicle, a law enforcement officer discovers a closed container, the container may only be opened as part of the inventory process, if there is a standardized policy or practice specifically governing the opening of such containers. Id. at paragraph two of the syllabus.
The officers properly impounded appellant's vehicle because they are required to do so by a municipal ordinance, setting out a standardized procedure. Section 303.08(7) of the Alliance City Traffic Code requires that police officers impound a vehicle when the vehicle is left unattended either on public or private property due to the removal of an arrested operator. Although appellant and his passenger testified at trial that they asked that the van be stored at appellant's home, the officers did not recall appellant making such a request at the time of the arrest. There is evidence that the ordinance was enacted in order to take away the officers' discretion concerning which vehicles to impound, and which vehicles not to impound. The vehicle was properly impounded pursuant to Alliance police procedure.
Once the offices lawfully impounded the vehicle, they conducted an inventory search pursuant to standard police policy. Although appellant claimed the console had been glued shut, Officers Wade and Griffith testified that they did not have to unlock the console in which they found the cocaine and the gun. In addition, Officer Griffith testified that the standard police policy specifically requires the officers to look inside any closed container within the vehicle, and to call a locksmith if necessary to avoid damage when opening a container or compartment.
Throughout his brief, and throughout the suppression hearing, appellant repeatedly alleged that the police officers were motivated to stop his van simply to search it for contraband. The record does not support this claim. Further, the reasonableness of a traffic stop does not depend on the actual motivation of the individual officer involved, but whether a reasonable officer had probable cause to believe a violation had occurred. State vs.Wise (March 18, 1998), Stark App. No. 1996CA00126, unreported, citing Whren vs. United States (1996), 116 S.Ct. 1769.
The first Assignment of Error is overruled.
 II.
Appellant again argues that the officers did not have a reasonable suspicion of criminal activity to justify the stop of the van. As discussed in Assignment of Error I. above, police received several calls concerning shots fired or an explosion in the vicinity of South Liberty Avenue in Alliance. When they arrived at the scene, witnesses reported that a red and white striped was observed leaving the area. A van matching the description was spotted shortly after the explosion, a few blocks from the scene, and was the only vehicle on the street.
The second Assignment of Error is overruled.
 III.
Appellant argues that the State failed to submit any evidence that the Alliance Police Department had a policy of opening sealed containers during an inventory search of a vehicle. As discussed in Assignment of Error I. above, Officer Griffith specifically testified that the Alliance Police Department policy required that all sealed containers and consoles be opened during an inventory search.
The State presented sufficient evidence to demonstrate that a policy existed requiring the opening of sealed containers during an inventory search of an automobile. Further, the officers testified that contrary to appellant's testimony, the console was not locked.
The third Assignment of Error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By: Reader, J., Farmer, P. J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs to appellant.